## OTTO KNIGHT v. THE STATE.

No. 14468.    Delivered November 4, 1931.

The opinion states the case.

*Martin, Shipman & Winters,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of chickens; punishment, two years in the penitentiary.

Some sixteen or eighteen chickens of Mr. Haddox were stolen from his chicken house in Jones county, Texas, on the night of April 29, 1930. Tracks of two men and a car were observed not far from the chicken house. As far as this record shows the owner of said chickens never saw same again, except the body of a rooster which was found dead the next morning not far from the chicken house, his neck having been broken.

Mr. Rogers at Colorado, Texas, bought chickens from appellant and Thompson on April 30, 1930, which chickens Rogers later turned over to Whaley, deputy sheriff of Taylor county. Whaley said he brought the chickens he got from Rogers back to Abilene, and that Mr. Haddox looked at said chickens but declined to identify them as his. Said chickens were taken to Colorado in a Star coupe, which car was also brought back to Abilene by Mr. Whaley, and identified on this trial by Mr. Nuckols as one he had traded to appellant. The above is the state's case,—aside from the testimony of Thompson, who swore that he and appellant, on the night of April 29th, stole Mr. Haddox's chickens, killed his rooster, took the chickens with others stolen by them that night to Colorado and sold them to Mr. Rogers; that they traveled in a Star coupe. There is testimony not necessary for us to discuss, that Thompson, after his arrest, took Mr. Whaley, the deputy sheriff, out for the ostensible purpose of carrying him over the road which he claims was taken by him and appellant on the night of the alleged theft, and showing him all the places from which they got chickens. Mr. Whaley testified that all the places shown him by Thompson were southwest from Abilene, and that Thompson did not take him to the place of Mr. Haddox, who lived in Jones county northwest of Abilene.

The state's attorney with this court has confessed the lack of evidence to corroborate the accomplice Thompson. We think his conclusion sound. The law requires that evidence independent of that of the accomplice, be produced, which points to and indicates the accused as one who participated in the commission of the offense charged. Car tracks not shown to have been made by a Star coupe, and men's tracks not shown to be those of appellant, near a chicken house from which chickens disappeared, supports the theory of chicken theft, but do not in the least individuate the thief. The sale of chickens in Colorado by appellant and Thompson, seventy-five miles distant from the home of Mr. Haddox, points to no one as having stolen Haddox's chickens, unless the owner can identify his chickens as among those so sold.

The law is written by the legislature. We are charged with the duty of applying same to a given state of facts, and are compelled to hold there is no corroboration of the accomplice which of itself would tend to point to appellant as the taker of the chickens in question. There is a suggestion that in some way the finding of the rooster with the broken neck tends to show that appellant was a participant in the crime. We are wholly unable to comprehend just how this is so. The state may be able to find other testimony to strengthen its case, but on the record before us the judgment will be reversed and the cause remanded.

*Reversed and remanded.*